IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30242
Summary Calendar

_____

OSCAR P. BERTHELOT,

Plaintiff-Appellee,

versus

RICHARD STALDER, Secretary,
Department of Corrections;
SHERLENE BOLER, Social Work
Supervisor; MARY FACIANE,
Social Worker; ED DAY, Warden;
KATHLEEN MCGINNIS, Director
of Nursing/Health Administrator,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-2009-D
- - - - - - - - - -
December 18, 2001
Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The appellants appeal from the district court's denial of
their motion for summary judgment on the basis of qualified
immunity.  Appellant Richard Stalder also appeals from the
district court' denial of his motion to dismiss the complaint
under Fed. R. Civ. P. 12(b)(6) on the basis of qualified
immunity.  The appellants argue that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

when it concluded that the plaintiff, Oscar Berthelot, had alleged a violation of a clearly established Eighth Amendment right, that Berthelot had suffered a serious medical need as it related to the denial of a prosthetic leg (in the absence of proof that it was medically necessary), that the delay in providing the other prosthetic devices constituted deliberate indifference, that there were genuine issues of material fact whether their actions or inactions were objectively reasonable, and that Berthelot had suffered any damage or injury.

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

We are persuaded that there are genuine issues of material fact as to whether the appellants' actions or inactions with regard to Berthelot's circumstances constituted deliberate indifference to a serious medical need.  Accordingly, we do not have jurisdiction to review the district court's orders.  The appeal is therefore DISMISSED FOR LACK OF JURISDICTION.